■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP ALBANESE, Appellant.— Upon remission from the Court of Appeals (19 N Y 2d 965) judgment rendered on March 4, 1966, convicting defendant, after trial, of grand larceny in the first degree and assault in the second degree, reversed, on the facts and in the exercise of this court's discretion and a new trial granted in the interests of justice. When the original appeal in this case was before us this court decided that the defendant was entitled to reversal and a new trial as a matter of law (27 A D 2d 820). The Court of Appeals reversed our determination, stating that "in reviewing the fairness of the trial and in the exercise of a sound discretion in consideration of the facts, the Appellate Division may be justified in directing a new trial", and remitted the matter to this court for our consideration of questions of fact and discretion. The court now holds that the judgment of conviction should be reversed and that the defendant be given a new trial in the interests of justice. Concur — Botein, P. J., Stevens and Capozzoli, JJ.; McNally and Witmer, JJ., dissent in the following memorandum: The Court of Appeals has held (19 N Y 2d 965) that no error as a matter of law was committed by the Trial Justice in his supplemental instructions to the jury. On further consideration of the case in this court the majority now hold, upon the facts, in the exercise of discretion and in the interest of justice, that the judgment of conviction should be reversed and that a new trial should be granted to the defendant. We cannot agree. From the review of the supplemental instructions given by the Trial Justice which we set forth at length in our dissenting memorandum (27 A D 2d 820, 821–825) it is apparent that no error was committed. Note also the following excerpts from the colloquy between the court and the jury foreman (p. 824): "[Foreman]: We feel it is impossible to come to a decision tonight. * * * [The Court]: If I sent you to a hotel and you got a good night's rest and you started tomorrow, what is your opinion? The Foreman: Well, there appear to be differences of opinion on that point, your Honor. The Court: Well, under those circumstances, I will leave it to you to continue to deliberate and let me know what your wishes are. You tell me there are differences of opinion. If there are differences of opinion I have no right to interrupt your deliberations or to stop your deliberations, unless there is absolutely no hope, and, according to what you tell me, it isn't absolutely hopeless. The Foreman: No, some of the jurors feel that we have come to a loggerhead tonight and possibly tomorrow it may change." The defendant made no objection to the court's supplemental instructions nor to the action of the court in having the jury continue to deliberate. In view of the jury's indecision it was appropriate for the court to give them further balanced instructions calculated to aid them in their deliberations. Moreover, the declaration by the Trial Justice of a mistrial at that point because of a supposed "hung" jury would have endangered the

continued validity of the indictment. It is apparent that the court recognized the established law of New York that, at least in the absence of a request by or the express consent of the defendant or his counsel (Code Crim. Pro., § 428, subd. 3), a court has no right to dismiss a jury deliberating in a criminal case until it is clear that they cannot reach a verdict (Code Crim. Pro., § 428, subd. 2). To dismiss a jury under such circumstances and order a new trial amounts to placing defendant in double jeopardy, and would invite a motion by the defendant for dismissal of the indictment on such ground, or an application for release under a writ of habeas corpus, or an application for a writ of prohibition restraining the court from retrying the defendant. (*People ex rel. Stabile* v. *Warden*, 202 N. Y. 138; *Matter of Adamo* v. *Justices of the Supreme Court*, 28 A D 2d 653; and see *Matter of Nolan* v. *Court of Gen. Sessions*, 15 A D 2d 78, affd. 11 N Y 2d 114; *People* v. *Gonzalez*, 293 N. Y. 259). In the *Stabile* case (*supra*) the court said at page 149: "From the plain language of the statute itself [Code of Crim. Pro., § 428] it appears that it was not the intention of the legislature to permit the court to exercise discretion in discharging a jury at any point of time prior to a declaration by them of their inability to agree." In the case at bar, although the jury had earlier indicated a stalemate, they made further efforts to agree, and told the court that with further deliberation they might agree. It is further noted that about the last instruction which the court gave to the jury before the above quoted colloquy was "Now, if there is a reasonable doubt then the defendant is entitled to an acquittal. If there is no reasonable doubt he should be convicted." Thus the Trial Justice gave balanced and impartial supplemental charges to the jury; and made it clear to them that the decision was in their hands and that unless all of them agreed that the evidence established that the defendant was guilty of the respective charges beyond a reasonable doubt, defendant must be acquitted. The jury acquitted the defendant of one count and found him guilty of two others. The evidence amply supports the verdict. We are thus compelled to conclude, as we did in our previous dissent, that the action of the court below was proper in every respect, and that the judgment should be affirmed.