■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN FOREHAND, Appellant.—Judgment, Supreme Court, Bronx County, rendered

March 11, 1977, convicting defendant following a jury trial of robbery in the first and second degrees and sentencing him as a predicate felon to concurrent terms of from 10 to 20 years and 7½ to 15 years, respectively, modified, on the law and as a matter of discretion in the interest of justice, to vacate the conviction for robbery in the first degree and the sentence imposed thereon and to remand that charge for a new trial, and otherwise affirmed. The defendant and another were tried for a robbery in which four people participated and in the course of which a gun was displayed by one of the robbers. The case was submitted to the jury at about noon on February 8, 1977. A little after 10:00 P.M. that evening, the jury reported that they had found both defendants guilty of second degree robbery, indicated that they were deadlocked 11 to 1 for conviction of both defendants on the first degree robbery count, and requested that the charge be further clarified. The Trial Judge's response to this request was in all respects appropriate and unobjectionable. Some 15 minutes after the jury retired for further deliberation, it reported an inability to reach a unanimous verdict on the first degree robbery charge. The Trial Judge reasonably declined to declare a mistrial at this point and sent the jury to a hotel that evening for rest. Early the following morning the jury returned a verdict of guilty for the codefendant on the first degree robbery charge and indicated that they were still deadlocked as to this defendant. The Judge appropriately concluded that another effort by the jury was warranted and returned them for deliberations with a supplemental instruction. In part this instruction was a balanced one to the general effect that no juror should take an arbitrary stand but on the other hand neither should a juror surrender a point of view as a matter of expediency. However, the Trial Judge went on to emphasize, although he had not been requested to do so, his original charge with regard to the "law of acting in concert and accomplice principle." The jury shortly thereafter returned a verdict of guilty of first degree robbery against this defendant. The trial court's unsolicited reference to the "law of acting in concert and accomplice principle" has the appearance of a thinly veiled direction to the "hold out" juror to join the others in convicting this defendant of robbery in the first degree. It is understandable that the trial court was perturbed by the jury's stated inability to agree on the first degree robbery count as to this defendant in light of the undisputed evidence that one of the participants in the robbery had displayed a gun and the jury's findings, first, that both defendants were guilty of robbery in the second degree and, second, that the codefendant was guilty of robbery in the first degree. Even under these circumstances, however, our law does not sanction this kind of judicial intervention into the jury's fact-finding function. (See *People v Albanese,* 27 AD2d 820, revd and remanded to App Div for consideration 19 NY2d 965, on remand 29 AD2d 516.) Accordingly, the defendant's conviction of robbery in the first degree must be vacated and the case remanded for further proceedings. We have considered the other issues raised by the defendant and find them to be without substantial merit. Concur—Evans, Markewich, Lynch and Sandler, JJ.

Kupferman, J. P., dissents in part and would affirm.